IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 26, 2016

**STATE OF TENNESSEE v. JERRY L. FAULKNER**

**Appeal from the Criminal Court for Shelby County**
**Nos. 90-00364, 90-10186, 90-10187, 90-10189, 90-10190,**
**90-10191, 90-10192, 90-10193      Lee V. Coffee, Judge**

———————————————

**No. W2016-00079-CCA-R3-CD  -  Filed January 18, 2017**

———————————————

Defendant, Jerry L. Faulkner, appeals as of right from the Shelby County Criminal Court's denial of his motion under Tennessee Rule of Criminal Procedure 36.1 to correct an illegal sentence. Defendant contends that the trial court erred by concluding that relief was not available because his illegal sentence had expired and thus was not subject to correction under Rule 36.1. After a thorough review of the record and applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, and ROBERT H. MONTGOMERY, JR., JJ., joined.

Monica A. Timmerman, Memphis, Tennessee, for the appellant, Jerry L. Faulkner.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; Amy P. Weirich, District Attorney General; and Kenya Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Background*

According to a preliminary order entered by the trial court, Defendant was arrested for aggravated robbery on August 29, 1989, in Case No. 90-00364. He was released on bond on August 31, 1989. While on bond, Defendant committed "a series of other felony offenses and was arrested on April 1, 1990, for attempted robbery (90-10186), aggravated robbery (90-10189, 90-10190, 90-10191 and 90-10193) and theft of property over $1,000 (90-10187 and 90-10192)."

On June 17, 1991, Defendant plead guilty to five counts of aggravated robbery, two counts of theft of more than $1,000, robbery with a deadly weapon, and attempted aggravated robbery in exchange for concurrent sentences. He received an agreed effective sentence of ten years. The trial court ordered the sentence to be served consecutively to the sentence previously imposed in Case No. 90-10194.

On November 24, 2014, Defendant, who is incarcerated in a federal corrections institution in Memphis for unrelated offenses, filed the present motion pursuant to Tennessee Rule of Criminal Procedure 36.1. In the motion, Defendant alleged that he had been released on bond for aggravated robbery (90-00364) when he was arrested and charged with committing four counts of aggravated robbery (90-10190, 90-10191, 90-10193, and 90-10189), theft of property more than $1,000 (90-10187 and 90-10192), and attempted aggravated robbery (90-10186). Therefore, his sentences should have been ordered to run consecutively rather than concurrently resulting in an illegal sentence. *See* T.C.A. § 40-20-111(b). Defendant concedes that his effective ten-year sentence expired on April 15, 2010.

The trial court appointed counsel, and an amended motion to correct an illegal sentence and a second amended motion to correct an illegal sentence were filed. On December 7, 2015, the trial court entered a written order denying the motion without an evidentiary hearing. Relying on the supreme court's opinion in *State v. Brown*, 479 S.W.3d 200 (Tenn. 2015), the trial court found that the motion "is absolutely without any merit."

*Analysis*

On appeal, Defendant argues that the trial court erred in denying his Rule 36.1 motion to correct an illegal sentence. Tennessee Rule of Criminal Procedure 36.1 provides, in part:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the

defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

Therefore, pursuant to Rule 36.1, a defendant would be entitled to a hearing and the appointment of counsel if he or she stated a colorable claim for relief. Tenn. R. Crim. P. 36.1(b). Prior to the adoption of Rule 36.1, a defendant generally had to seek relief from an illegal sentence through post-conviction or habeas corpus proceedings. *See Cantrell v. Easterling*, 346 S.W.3d 445, 453 (Tenn. 2011).

The Tennessee Supreme Court has stated that a colorable claim pursuant to Rule 36.1 is a "claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015). Rule 36.1 also defines an illegal sentence as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a).

Our supreme court has analyzed Rule 36.1 and concluded that Rule 36.1 "does not authorize the correction of expired illegal sentences," and a motion may be dismissed "for failure to state a colorable claim if the alleged illegal sentence has expired." *State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). In this case, Defendant was sentenced to an effective ten-year sentence on June 17, 1991, and he concedes that the sentence expired "on or around April 15, 2010." Defendant's Rule 36.1 motion to correct an illegal sentence was not filed until November 24, 2014. In his brief, Defendant asserts that "Brown is not dispositive of his case because illegal sentences, by their very nature, cannot expire." However, Defendant has not cited any authority for this conclusory statement. As a panel of this court has previously held:

> Once "the Tennessee Supreme Court has addressed an issue, its decision regarding that issue is binding on the lower courts," and we have "no authority to overrule or modify" our supreme court's opinions. Webb v. Nashville Area Habitat for Humanity, Inc., 346 S.W.3d 422, 430 (Tenn. 2011) (quoting Morris v. Grusin, No. W2009-00011-COA-R3-CV, 2009 WL 4931324, at *4 (Tenn. Ct. App. Dec. 22, 2009)) (internal quotation marks omitted). If the Appellant wishes to challenge the holding in Brown, he must seek review from our supreme court.

*State v. Antonio Clifton*, No. W2016-00176-CCA-R3-CD, 2016 WL 6427862, *2 (Tenn. Crim. App. Oct. 31, 2016).  Accordingly, we conclude that the trial court did not err by denying Petitioner's Tenn. R. Crim. P. 36.1 motion to correct an illegal sentence.

_____
THOMAS T. WOODALL, PRESIDING JUDGE